UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

AUBREY STANLEY #257143,

        Plaintiff,                    Case No. 2:10-cv-92

v.                                    HON. GORDON J. QUIST

JOSEPH PERALA, *et al.*,

        Defendants.
_____/

## OPINION DENYING LEAVE
## TO PROCEED *IN FORMA PAUPERIS* - THREE STRIKES

Plaintiff Aubrey Stanley, a prisoner incarcerated in the Michigan Department of Corrections, at Marquette Branch Prison (MBP), filed a complaint pursuant to 42 U.S.C. § 1983. Plaintiff was initially granted leave to proceed *in forma pauperis*. However, Defendants have now filed motions requesting that Plaintiff's pauper status be revoked because he has **3** strikes (docket #28 and #31). Plaintiff has failed to file a response, and the time for filing such a response has elapsed. Because Plaintiff has filed at least three lawsuits that were dismissed for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). The Court will order Plaintiff to pay the $350.00 civil action filing fee within twenty-eight (28) days of this opinion and accompanying order. If Plaintiff fails to comply with this order, the Court will dismiss Plaintiff's action without prejudice. Even if the case is dismissed, Plaintiff will be responsible for payment of the $350.00 filing fee in accordance with *In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002).

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners – many of which are meritless – and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule

- 2 -

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds of failure to state a claim. *See Stanley v. Olger, et al.*, No. 2:07-cv-131 (W.D. Mich. Nov. 15, 2007); *Stanley v. Vining, et al.*, 2:08-cv-145 (W.D. Mich. Nov. 24, 2008); *Stanley v. Ollis, et al.*, 2:08-cv-288 (W.D. Mich. April 23, 2009). Consequently, as asserted by Defendants, Plaintiff is a "three striker" who cannot proceed *in forma pauperis* in this civil action unless he can demonstrate that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to meet the statutory exception to the three-strikes rule, a prisoner must allege that the threat is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. Appx. 796, 797-98 (6th Cir.2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir.2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir.2001) (en banc)).

In his complaint, Plaintiff alleges that Defendants made inappropriate comments towards him. Plaintiff also alleges that Defendants wrote a major misconduct against him in retaliation for his filing grievances and complaints against MBP staff. Plaintiff states that supervisory Defendants were informed of the retaliation and failed to take any corrective action. Plaintiff also maintains that Defendants used excessive force against him on November 4, 2009. Allegations that a prisoner has faced imminent danger in the past are insufficient to trigger the exception under § 1915(g). *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *accord Banos*

*v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP."). *See also Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) ("[T]he exception for claims concerning an 'imminent danger of serious physical injury' cannot be triggered solely by complaints of past abuse.") The court concludes that none of the allegations stated in Plaintiff's complaint show that he is in imminent danger of serious physical injury.

In light of the foregoing, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action.  Plaintiff has twenty-eight (28) days from the date of entry of this order to pay the entire civil action filing fee, which is $350.00.  If Plaintiff fails to pay the filing fee within the 28-day period, his case will be dismissed without prejudice, but he will continue to be responsible for payment of the $350.00 filing fee.


Dated:  August 23, 2011              /s/ Gordon J. Quist
                              GORDON J. QUIST
                       UNITED STATES DISTRICT JUDGE


**SEND REMITTANCES TO THE FOLLOWING ADDRESS**:
Clerk, U.S. District Court
399 Federal Building
110 Michigan Street, NW
Grand Rapids, MI 49503

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**